UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| EDWIN PULIDO, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>                        }<br>            Plaintiff,    }<br>    v                     }<br>                        }<br>CREDENCE RESOURCE MANAGEMENT, LLC  }<br>                        }<br>            Defendant.    } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Edwin Pulido [hereinafter "Pulido"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Credence Resource Management, LLC ("CRM"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on CRM's regular transaction of business within this district. Venue in this district also is proper based on CRM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. CRM also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Pulido is a natural person who resides at 199 17th Street, Brooklyn, NY 11215.

6. Pulido is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 13, 2018, CRM sent Pulido the letter annexed as Exhibit A.

8. Per statements and references in Exhibit A, CRM sent Exhibit A to Pulido in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, contracting to receive wireless telephone services from AT&T Mobility, utilizing these wireless telephone services primarily for his personal, family or household purposes, and then, as an individual, failing to pay for these wireless telephone services. CRM, via Exhibit A, attempted to collect this past due debt from Pulido in his individual capacity, and Exhibit A did not refer to the name of any business associated with the past due debt.

10. Based on the allegations in the above paragraph, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. CRM is a Nevada Domestic Limited Liability Corporation and a New York Foreign Limited Liability with a principal place of business located at 2215-B Renaissance Drive, Las Vegas Nevada 89119.

12. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Credit Control Services, Inc. possesses a license from the New York City Department of Consumer Affairs

to operate as a "Debt Collection Agency".

13. On Exhibit A, CRM identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon Exhibit A and upon CRM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CRM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. Based upon the allegations in the above three paragraphs, CRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## CAUSE OF ACTION-CLASS CLAIM

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

17. On or about February 13, 2018, CRM sent Pulido the letter annexed as Exhibit A setting forth a current balance of $286.56.

18. In Exhibit A, CRM offered to allow Pulido to settle his account for $88.83.

19. Exhibit A did not set a deadline by which Pulido had to make the aforementioned payment of $88.83 to settle his account.

20. On April 11, 2018, Pulido sent CRM a check for $88.83; CRM deposited this check; and this check cleared Pulido's bank account.

21. Subsequent to receiving the aforementioned payment of $88.83 to settle Pulido's account,

CRM reported to the credit reporting agencies regarding Pulido's account; and this reporting falsely provided that Pulido still owed $197.00.

22. As a result of this false reporting to the credit reporting agencies, CRM violated 15 USC 1692e(8), 15 USC 1692e(2)(A), 15 USC 1692e, and 15 USC 1692e(10).

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24. The class consists of (a) all natural persons (b) about whom CRM reported to a credit reporting agency regarding a past due debt, (c) after CRM received a payment from the consumer.

25. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

27. The predominant common question is whether Defendant's letters violate the FDCPA.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

29. A class action is the superior means of adjudicating this dispute.

30. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against CRM in favor of Plaintiff for actual damages in the amount of $150,000, in favor of Plaintiff and the class members for statutory damages in an amount

to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: April 10, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107